UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                            Case No. 3:18-cr-730

        Plaintiff,

v.                                          MEMORANDUM OPINION
                                              AND ORDER

Bryshaun Dodds,

        Defendant.

## I. INTRODUCTION

Defendant Bryshaun Dodds seeks to suppress evidence seized during a search of his residence. (Doc. No. 21). The government filed a brief in opposition to motion. (Doc. No. 22). For the reasons stated below, I deny Dodds' motion.

## II. BACKGROUND

On October 24, 2018, officers with the Hancock County, Ohio Drug Task Force/ METRICH Enforcement Unit executed a search warrant at a house located at 527 Allen Avenue in Findlay, Ohio. Dodds was one of the residents at the house, though it appears he did not own the property. (*See* Doc. No. 22-1 at 4). While executing the warrant, officers located several firearms as well as ammunition and narcotics. At least three of the firearms were in areas of the house over which Dodds had control (his bedroom and his safe). (Doc. No. 1 at 1; Doc. No. 22 at 2). Dodds previously had been convicted of a felony and was not legally permitted to possess the guns. He

subsequently was indicted on one count of illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1).

Dodds seeks to suppress all evidence against him obtained via the search warrant. He argues the warrant affidavit does not establish a nexus between criminal activity and 527 Allen Avenue, that the evidence described in the affidavit was stale, and that the description of individuals entering and leaving the premises does not establish probable cause. (Doc. No. 21 at 6).

On October 23, 2018, Detective Sergeant Justin Hendren presented an affidavit and search warrant application to a Findlay, Ohio Municipal Court judge. Hendren stated that officers had "received several complaints of suspected drug trafficking at 527 Allen Ave." over the course of the previous "several months." (Doc. No. 22-1 at 4). Hendren described four traffic stops which occurred between September 14 and October 21, 2018. Each traffic stop involved a vehicle, including one Dodds was driving, which had departed from 527 Allen just moments before the stop and resulted in the confiscation of suspected or confirmed narcotics.

On October 17, 2018, after the third traffic stop, officers installed a camera nearby to monitor the driveway and front door of the house at 527 Allen. Over a period of roughly four days, the camera revealed a number of people (15, by Dodds' count) arriving at the house and then departing again shortly thereafter. (*See* Doc. No. 21 at 5-6). It also recorded at least nine times where someone exited the residence and walked through the yard toward the street, and then someone entering the home within thirty seconds to two minutes of the exiting person. (Doc. No. 22-1 at 7-11). Hendren offered his belief, based upon his training and experience, that these short stops were "indicative of drug trafficking." (*Id.* at 13).

Hendren removed the camera on October 22 and, before submitting the warrant application on October 23, "spoke with a neighbor . . . [who] advised that the activity [at] 527 Allen Ave has not stopped since the IP camera was removed." (*Id.*). The municipal court judge concluded there was

2

probable cause to support the requested warrant and authorized officers to execute the warrant at night. (*Id.* at 1-2). The subsequent search uncovered narcotics and, of particular relevance to these proceedings, at least three firearms.

### III. ANALYSIS

The Fourth Amendment generally requires law enforcement officers to obtain a warrant, based upon probable cause, before searching a location in which an individual has a reasonable expectation of privacy. *See, e.g., Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) ("When an individual 'seeks to preserve something as private,' and his expectation of privacy is 'one that society is prepared to recognize as reasonable,' we have held that official intrusion into that private sphere generally qualifies as a search and requires a warrant supported by probable cause.") (further citation omitted).

Probable cause is the "reasonable grounds for belief" that evidence of a crime may be found in a certain place or location. *United Stated v. Lattner*, 385 F.3d 947, 951 (6th Cir. 2004) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). "Probable cause exists when there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Loggins*, 777 F.2d 336, 338 (6th Cir. 1985) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). A judge's probable cause determination is evaluated based upon whether the judge "'had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited.'" *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)).

Dodds argues Hendren's affidavit does not establish probable cause to support the issuance of a warrant. As I mentioned above, he contends the warrant affidavit does not establish a nexus between criminal activity and 527 Allen, that the evidence described in the affidavit was stale, and that the description of individuals entering and leaving the premises does not establish probable

3

cause. (Doc. No. 21 at 6). Further, he argues the affidavit contains only bare-bones allegations, because it includes "*no evidence* of actual buys by confidential informants; *no evidence* that the investigators had been given confidential tips by reliable informants; *no evidence* that an occupant of the residence had prior drug trafficking convictions; and *no evidence* of hand-to-hand transactions (despite five days of 24/7 snooping via video camera)." (*Id.* at 9-10 (emphasis in original)).

It is worth confronting the last point first. While this type of information might commonly appear in drug trafficking cases, its frequency does not make it a requirement. "The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000) (*en banc*). Officers are not required to set up a controlled buy or even to actually witness the sale of drugs by a target of the investigation. *United States v. Hines*, 885 F.3d 919, 925 (6th Cir. 2018); *see also District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (Probable cause "'requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.'") (quoting *Gates*, 462 U.S. at 243-44 n. 13). While the affidavit does not contain the types of evidence Dodds identifies, it need not do so, and the absence of that evidence does not render the existing allegations insufficient.

When viewed collectively, the facts alleged in Hendren's affidavit are sufficient to establish "a probability or substantial chance" that evidence of a crime would be found at 527 Allen. *United States v. Tagg*, 886 F.3d 579, 585 (6th Cir. 2018). Officers received several complaints of suspected drug trafficking at 527 Allen, including that there were "high volumes of traffic coming and going from the residence." (Doc. No. 22-1 at 4). On at least four occasions, officers initiated traffic stops on vehicles that had just left 527 Allen and found one or more of the occupants of the vehicles were in possession of crack cocaine. Three of those stops involved vehicles which arrived at the property and left again a short time later. The pole camera installed nearby revealed more than a dozen instances in which the same pattern of behavior occurred (a person arriving, going inside, and then

4

quickly leaving), as well as at least nine instances in which someone exited the house, walked toward the street or into the yard and then quickly returned to the house.

The fact that these incidents individually may be susceptible to an innocent explanation does not undermine the state court's probable cause determination. *See, e.g., United States v. Christian*, 925 F.3d 305, 311 (6th Cir. 2019) (reiterating that the contents of a search warrant affidavit must be viewed as a whole and not line-by-line) (citations omitted).

Further, the affidavit establishes a sufficient nexus between the crack cocaine officers recovered during the traffic stops and 527 Allen. All four vehicles left the property minutes before being pulled over, and officers observed at least fifteen other incidents in which an individual arrived after 527 Allen, went inside, and then quickly departed. Hendren had reasonable cause to believe, based upon his training and experience and reports officers received from the community, that the crack cocaine originated at 527 Allen. *United States v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005) (quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978)).

Nor am I persuaded that the evidence from the September 8 and 14 traffic stops was stale and thus useless in the probable cause determination. The evidence obtained during the traffic stops was part of an ongoing investigation and pre-dated the execution of the warrant by only six weeks. The facts surrounding those stops were consistent with subsequent events in the investigation, including another traffic stop which occurred two days before the warrant was issued. Dodds fails to show the evidence from the earlier traffic stops was stale. *See, e.g., United States v. Greene*, 250 F.3d 471, 481 (6th Cir. 2001) (holding evidence obtained more than 23 months before execution of the search warrant was not stale because "[e]vidence of ongoing criminal activity will generally defeat a claim of staleness"); *United States v. Rodriguez*, 716 F. App'x 387, 390 (6th Cir. 2017) (rejecting claim of staleness where search warrant affidavits reflect ongoing investigation and "a pattern of recent drug-trafficking activity"). *See also United States v. Hython*, 443 F.3d 480, 485 (6th Cir. 2006) ("The

5

passage of time becomes less significant when the crime at issue is ongoing or continuous and the place to be searched is a secure operational base for the crime.").

## IV. CONCLUSION

I conclude the search warrant affidavit provided the state court judge with a substantial basis upon which to conclude there was probable cause to believe the evidence sought would be found at 527 Allen. Therefore, and for the reasons set forth above, I deny Dodds' motion to suppress. (Doc. No. 21).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge